**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TONYA MARIE SPECK,**

      **Plaintiff,**

      v.                           **Case Number 2:25-cv-437**
                                  **Judge Edmund A. Sargus, Jr.**
                                  **Magistrate Judge Elizabeth P. Deavers**

**WESTFIELD INSURANCE**
**COMPANY,**

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Defendant Westfield Insurance Company's Motion to Remand. (ECF No. 12.) Plaintiff Tonya Marie Speck, proceeding *pro se*, filed a response in opposition to Westfield's Motion. (ECF No. 14.) Westfield filed a reply. (ECF No. 16.) Without leave of the Court, Ms. Speck filed a sur-reply.[1] (ECF No. 17.) For the reasons stated below, Westfield's Motion is **GRANTED**.

**BACKGROUND**

Ms. Speck, appearing as "trustee of a nonprobate, irrevocable, and religiously founded private trust," removed this case from Morrow County Probate Court "seeking federal review of

---

[1] A party does not have an automatic right to file a sur-reply and must seek leave of court for good cause to do so. S.D. Ohio Civ. R. 7.2(a). Courts generally find good cause "where the reply brief raised new grounds that were not included in the movant's initial motion" or "where a party seeks to clarify misstatements contained in the reply brief." *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, 593 F. Supp. 3d 737, 744–45 (S.D. Ohio 2022) (Cole, J.). A sur-reply is not an opportunity to make new arguments. Because Ms. Speck is proceeding *pro se*, the Court will take her sur-reply into consideration, even though it was filed without leave. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (explaining that courts liberally construe pleadings by *pro se* litigants and that their filings are subject to "less stringent standards than formal pleadings drafted by lawyers") (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

serious constitutional, procedural, and jurisdictional violations." (ECF No. 1-1, PageID 4.) Ms. Speck named Westfield Insurance Company as the sole Defendant in her Notice of Removal but did not mention Westfield or allege any wrongdoing by Westfield. (*See id.*) Additionally, Ms. Speck did not provide any underlying state-court filings with her Notice of Removal as required by 28 U.S.C. § 1446(a).

Westfield avers that it was not a party in the underlying probate action, and it does understand why Ms. Speck named it as the Defendant in her Notice of Removal. (Mot., ECF No. 12, PageID 35.) Westfield moves to remand the case to state probate court because (1) Ms. Speck is not a defendant in the underlying state-court action and thus cannot remove under 28 U.S.C. § 1441(a); (2) Ms. Speck's Notice of Removal is untimely per 28 U.S.C. § 1446(b)(1); and (3) Ms. Speck fails to establish subject matter jurisdiction under 28 U.S.C. § 1441. (*Id.* PageID 33.) Ms. Speck responds that removal is proper under 28 U.S.C. §§ 1443 and 1446(b)(3) "because her claims implicate fundamental federal rights" that arose after Westfield made an appearance in the probate matter. (ECF No. 14, PageID 43–45.)

## ANALSYSIS

Although Ms. Speck provided no state-court filings with her Notice of Removal, an earlier, related case brought by Ms. Speck in this Court provides context into the state-court matter. *See Speck v. State of Ohio*, Case No. 2:24-cv-3973 (S.D. Ohio Sep. 24, 2024) (the "Related Case"). Ms. Speck, as the administrator of an estate, is involved in a protracted dispute with an individual named Ethan Pfleiderer over the sale of real property that was owned by the estate. (Related Case, ECF No. 21, PageID 168.) Ms. Speck challenges the sale. (*Id.*) Multiple cases have been filed in the dispute by both parties. (*Id.* PageID 168–71.) The Related Case was

2

dismissed in this Court for lack of subject matter jurisdiction. (*Id.*) Westfield was not discussed in the Related Case thus the Court cannot determine how Westfield is involved.

Ms. Speck's Notice of Removal purports to remove case 2020 ES 19057 from Morrow County Probate Court (ECF No. 1-1, PageID 3), but because there are multiple state-court cases associated with that probate matter and without anything on the record specifying which proceeding is at issue, the Court cannot determine whether Ms. Speck is a proper party to remove. Additionally, the Court cannot determine what transpired in the state-court proceeding to determine whether removal is timely. Regardless, removal is improper because Ms. Speck fails to establish subject matter jurisdiction.

The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Id.* at 551. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Ms. Speck has not provided the complaint or any other filings from the state-court case showing that subject matter jurisdiction exists. Ms. Speck's Notice of Removal provides a factual background that describes the multiple probate court proceedings between Ms. Speck and

Mr. Pfleiderer. (ECF No. 1-1, PageID 4–5.) It then states that "the probate court has overreached its jurisdiction" and lists several grounds for removal including First Amendment violations, Fourteenth Amendment violations, "deprivations actionable under 42 U.S.C. § 1983," "coercive misuse of state power and probate procedures," and civil rights violations. (*Id.* PageID 5.) But it does not provide any context as to how these rights were violated in the state-court proceeding, nor does it describe Westfield's involvement in the alleged constitutional violations.

Ms. Specks's conclusory statements that constitutional violations occurred in the probate court are not sufficient to establish subject matter jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (noting that subject matter jurisdiction does not exist when "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion"); *Givens v. Vavra*, No. 2:23-cv-1330, 2024 WL 1406129, at *2 (S.D. Ohio Mar. 28, 2024) (Morrison, J.) (explaining that the court cannot exercise subject matter jurisdiction over plaintiff's "conclusory assertions of violations of federal law").

Accordingly, Ms. Speck fails to establish subject matter jurisdiction and removal is improper. Defendant's Motion to Remand is **GRANTED**. (ECF No. 12.) The Clerk is **DIRECTED** to enter judgment, to remand this case to the Morrow County Probate Court, and to terminate the case on the docket of this Court.

     **IT IS SO ORDERED.**

**2/12/2026**
**DATE**

          **s/Edmund A. Sargus, Jr.**
          **EDMUND A. SARGUS, JR.**
          **UNITED STATES DISTRICT JUDGE**